IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

EARL D. JOHNSON, Jr. #252-782, 335-615,     *

    Plaintiff,     *     Case No.: GJH-16-2088

v.     *

DAVID SIPES,     *
AMANDA DUVALL
     *
    Defendants.
     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Earl D. Johnson Jr. is suing Hearing Officer David Sipes and Correctional Officer Amanda Duvall, pursuant to 42 U.S.C. §1983, for allegedly violating his rights under the Due Process Clause of the Fourteenth Amendment. ECF No. 1. Johnson alleges that his due process rights were violated during a disciplinary hearing on July 30, 2015, which stemmed from an incident that occurred in prison on July 9, 2015. Defendants Sipes and Duvall have filed a Motion to Dismiss or, in the Alternative Motion for Summary Judgment. ECF No. 13. Johnson has filed a motion titled "Motion for Judgment Pleading/and Summary Judgment," which will be treated as a Motion for Summary Judgment. ECF No. 15.

The Court finds that a hearing is unnecessary, Loc. R. 105.6 (D. Md.), and will grant Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, ECF No. 13. Plaintiff's "Motion for Judgment Pleading/and Summary Judgment," ECF No. 15, is denied.

I.  BACKGROUND

   A. Complaint

Johnson is currently incarcerated at the Maryland Correctional Training Center in Hagerstown, Maryland. ECF No. 16. The claims presented in the Complaint arise from the time Johnson was an inmate at the Maryland Correctional Institution in Hagerstown, Maryland. Johnson alleges that at a disciplinary hearing on July 30, 2015, his due process rights were violated when he was forced to enter a guilty plea to violating institutional Rule 104 (engaging in threatening language). Johnson also asserts that he never waived his right to have witnesses at his disciplinary hearing. As relief, Johnson requests $60,000 in damages and expungement of his disciplinary conviction. ECF No. 1 at 3.[1]

   B. Defendants' Response

Defendants have filed verified exhibits and declarations with their dispositive Motion. ECF No. 13-2; ECF No. 13-3; ECF No. 13-4. These exhibits provide the following information. On the evening of July 9, 2015, Officer Duvall directed Johnson to lock into his cell for the evening. Johnson refused, and stated "fine, whatever, fuck them bitches, I'll fuck the both of them up, her and Spicher." Duvall locked Johnson in his cell, and later identified him by his state-issued inmate identification card. ECF No. 13-2 at 3. On July 9, 2015, Duvall charged Johnson with violating Rule 104. *Id.* at 2–3. Johnson was provided a copy of the Notice of Rule Violation. *Id.* at 5.

On July 30, 2015, Johnson entered a guilty plea to Hearing Officer David Sipes. *Id.* at 8. The hearing record reflects that Johnson requested no representation or witnesses when he was served with the notice of hearing. *Id.* at 6. Gary Wolfe, the correctional officer assigned to the

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

adjustment hearing, attests that Johnson was given a copy of the Notice of Rule Violation, offered a plea agreement and informed that by pleading guilty, hearing rights and some appeal rights were waived. ECF No. 13-3. Wolfe declares that Johnson understood and admitted to violating Rule 104. *Id.*; *see also* COMAR 12.02.27.25(B).[2] Wolfe states that as a result of the plea agreement, no witnesses were called. ECF No. 13-3.

> Sipes' account of the plea proceeding in the hearing record reads:
>
> > The Defendant and State reached a plea agreement. The Defendant was informed that by pleading guilty, hearing rights and some appeal rights were waived. The Defendant was admitting to the rule violations and the Warden would review the decision and could modify the sanctions upon review. The Defendant understood and plead[ed] guilty to rule(s) 104. Per agreement; 60 seg. revocation of 60 credits. H[earing] O[fficer] accepts the plea and agreement.

ECF No. 13-2 at 7.

Johnson appealed the hearing officer's decision on July 30, 2015. *Id.* at 10. In his appeal, Johnson denied threatening Duvall or using the vulgar language attributed to him, and argued the evidence was insufficient to find him guilty of the rule violation. He alleged the statements were made by someone else. *Id.*

On August 3, 2015, Johnson filed an Informal Inmate Complaint Form, asserting that

---

[2] COMAR 12.02.27.25(B) provides that an inmate who pleads guilty to a disciplinary charge waives the right to a hearing and admits to committing the misconduct. The regulation provides in relevant part:
   A. For each charge of an inmate rule violation, the hearing officer shall ask the defendant inmate to enter a plea after the hearing officer:
   (1) Makes each charge of an inmate rule violation part of the hearing record; and
   (2) Ensures that the defendant inmate understands each charge of an inmate rule violation.
   B. Guilty Plea.
   (1) Before accepting a guilty plea from the defendant inmate, the hearing officer shall take reasonable steps to ensure that:
      (a) The defendant inmate understands that a guilty plea is:
         (i) A waiver of hearing rights; and
         (ii) An admission that the defendant inmate committed the inmate rule violation; and
      (b) The plea is voluntary.
   (2) If the hearing officer determines that the guilty plea meets the requirements under §B(1) of this regulation, the hearing officer shall:
      (a) Accept the plea into the hearing record; and
      (b) Move to the sanction phase of the hearing.

Duvall was not made available before his disciplinary hearing. *Id.* at p. 12.

On August 18, 2015, Johnson filed a grievance to appeal Sipes' decision to the Inmate Grievance Office ("IGO"). Russell Neverdon, Sr., Executive Director of the IGO, states in his declaration:

> In essence, inmate Johnson admitted to pleading guilty to the charges but, sought the reversal of charges because CO Duvall was not available as a witness to be questioned. The grievance was administratively dismissed by the IGO on September 1, 2015, *see* COMAR 12.2.27.25. In a subsequent proceeding for judicial review the decision of the IGO was affirmed by the Circuit Court for Washington County in the matter of Earl Johnson, #252782, Case No. 21-C-15-055139 (May 27, 2016).

ECF No. 13-4 ¶ 3.

### C. Motion for Judgment Pleading/and Summary Judgment

In his "Motion for Judgment Pleading/and Summary Judgment," Johnson reiterates that he never made the alleged comments to Duvall. ECF No. 15 at 1. In support, Johnson argues that Duvall was not working on the date she alleges that he made threatening comments toward her, as evidenced by a post assignment sheet filed by Defendants. *See* ECF No. 15 at 1; ECF No. 13-2 at 16. Johnson's argument is unpersuasive, as he misreads the post assignment work sheet. Johnson's comments to Duvall were made on July 9, 2015. ECF No. 13-2 at 3. The post assignment worksheet shows the job assignments for July 30, 2015, not July 9, 2015. ECF No. 13-2 at 16. Defendants filed the post assignment sheet to show that affiant Officer Gary Wolfe was assigned to the adjustment room on the date the plea was entered. *See* ECF No. 13-1 at 2.

Additionally, Johnson does not specify how Defendants or any other individual forced him to enter his guilty plea. ECF No. 15. Johnson states "I was force[d] into a plea or get 252 or better." *Id.* at 2. This statement suggests that Johnson was advised that he was facing more stringent sanctions if he was found guilty after a hearing, which is a typical aspect of plea

4

negotiations, but fails to support that he was forced to enter a guilty plea to the rule violation.

## II. STANDARD OF REVIEW

The Court is mindful that Johnson is proceeding *pro se* and therefore the Court must liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). However, "judges are . . . not required to construct a party's legal arguments for him." *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

Here, Defendants have filed a "Motion to Dismiss or, in the alternative, Motion for Summary Judgment." ECF No. 13. The Court addresses each legal standard in turn.

### A. Rule 12(b)(6) Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

The purpose of Fed. R. Civ. P. 12(b)(6) "is to test the sufficiency of a complaint and not

to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.     Motion for Summary Judgment**

When ruling on a motion to dismiss, if the Court considers materials outside the pleadings, the Court must treat a motion to dismiss as one for summary judgment. Fed. R. Civ. P. 12(d). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*. When the moving party styles its motion as a "Motion to Dismiss, or in the Alternative, for Summary Judgment," as is the case here, and attaches additional materials to its motion, the nonmoving party is, of course, aware that materials outside the pleadings are before the Court, and the Court can treat the motion as one for summary judgment. *See Laughlin v. Metropolitan Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Further, the Court is not prohibited from granting a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating that the court "shall grant summary judgment if the

movant shows that there is no genuine dispute as to any material fact" without distinguishing pre- or post-discovery).

Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations..., admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322-23. A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

If the parties have filed cross-motions for summary judgment, the Court "must consider each motion separately on its own merits to determine whether either of the parties deserves

judgment as a matter of law." *Bacon v. City of Richmond*, 475 F.3d 633, 637-38 (4th Cir. 2007) (internal quotation marks omitted). "'Both motions must be denied if the court finds that there is a genuine dispute of material fact. . . . But if there is no genuine dispute and one or the other party is entitled to prevail as a matter of law, the court will render judgment.'" *Hicks v. Stanford*, No. ELH-14-928, 2016 WL 7426139, at *5 (D. Md. Dec. 23, 2016) (quoting 10A C. WRIGHT & A. MILLER, FED. PRACTICE & PROCEDURE, § 2720 (4th ed.)).

### III. DISCUSSION

Defendants move for dismissal of the claims against them for failure to state a claim upon which relief can be granted or, alternatively, because they did not violate Johnson's right to due process.

#### A. Claims Against Sipes and Duvall

Although he names them in the caption of the Complaint, Johnson fails to allege how either Sipes or Duvall forced him to enter his guilty plea against his will. There are no facts alleged against Defendants to support a due process violation.

In order for liability to exist under 42 U.S.C. § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Nowhere in the Complaint does Johnson allege that Sipes or Duvall personally coerced or ordered others to force him to plead guilty to the rule infraction. Johnson's bare allegations fail to state a claim upon which relief may be granted, and will be dismissed with prejudice for failure to state a claim. But even if Johnson sufficiently linked these defendants to his claims, summary judgment in favor of Defendants would be appropriate for the reasons that follow.

**B. Due Process**

Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and defendants are not afforded a full array of rights. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits, which is the case here, the inmate is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U.S. at 564-66, 592. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. *See Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976); *Brown v. Braxton*, 373 F.3d 501, 504-05 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter*, 425 U.S. at 322, n.5.

Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review

their accuracy.

Johnson does not dispute that he received written notice of the charges against him. By accepting the guilty plea offered, he waived his right to a hearing and admitted to committing the rule violation. *See e.g. Stedman v. Maynard*, No. GLR-12-3458, 2013 WL 5274362 at *4 (D. Md. Sept. 17, 2013) (noting that by entering a guilty plea inmate waived his right to call witnesses and to present evidence; "[n]othing more was required"). Further, the evidence introduced is sufficient to satisfy substantive due process. Thus, even if this case were deemed to survive a motion to dismiss, Defendants would be entitled to summary judgment on the due process claim.

Johnson did not file any declarations to support his Motion for Summary Judgment. He has not filed anything to refute that he received all the procedural protections at his disciplinary hearing necessary to satisfy due process. Apart from alleging that Sipes told him he was facing more stringent sanctions if the matter went forward for a hearing, Johnson fails to present any facts to substantiate his claim that he was forced to plead guilty and denied due process. As such, Johnson is not entitled to judgment as a matter of law based on the undisputed facts, and his Motion for Summary Judgment will be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 13) will be granted. Plaintiff's Motion for Summary Judgment (ECF No. 15) will be denied. A separate Order follows this Memorandum Opinion.

Dated: August 25, 2017

GEORGE J. HAZEL
United States District Judge